# Decisions of the Supreme Court of Missouri,

---

## ASHLEY v. BIRD.

Where A. sells lands to B., under a power of attorney, receives the purchase money and pays over the same to his principal; and afterwards B. sues A. and recovers judgment for the purchase money so paid, on the ground that the power of attorney under which A. acted was void and of no effect—A. will be left to his remedy against his principal to whom he paid over the purchase money.

TOMPKINS, J., delivered the opinion of the Court.*

Bird filed his bill on the Chancery side of the Circuit Court of St. Louis county, against Ashley and others, executors of Elias Rector, deceased, stating, that in the year 1819, he, as agent of Abram Bird, his father, and acting under a power of attorney, which he supposed gave him ample authority, sold to the deceased E. Rector, three hundred and twenty acres of land, being the half of a larger tract owned by said Abram, for the sum of nine hundred and sixty dollars; and that as attorney in fact for said Abram, he executed a bond or covenant for the title of said land; that before the time limited in said bond or covenant for making the title to the said land, said Abram Bird died; that said E. Rector in his life time, informed the complainant he had sold and transferred all his right, title, and interest, in said tract of land, to Stephen Rector; that afterwards, in the life time of said E. Rector, the complainant together with Stephen Rector and others, as proprietors, laid out a town partly on said tract, so sold to said Elias, and partly on the residue of the larger tract of said (108) A. Bird: and a public sale of lots of said town was had by said proprietors, embracing a considerable portion of said tract of land sold as aforesaid to E. Rector; that the notes taken at said sales for the consideration of said lots, were divided among

---

*Absent, Judge Wash.

Ashley *v.* Bird.

said proprietors, and that Stephen Rector took one half of the notes aforesaid, and collected a large sum of money from the makers thereof; that he knows not whether any part of said land is unsold by said Stephen Rector; that after the death of said Elias Rector, his executors commenced an action at law against the complainant for money had and received for the use of said Elias, to recover the purchase money paid as aforesaid by said Elias, and had judgment for the same, the power of attorney under which the complainant sold the land to Rector being decided to be insufficient, which judgment was affirmed by the Supreme Court. That Stephen Rector is also dead, and that the estates of Elias and Stephen Rector are insufficient to satisfy the demands against them respectively; that the heirs of Abram Bird have given the complainant a power of attorney to make a deed to E. Rector's representatives; that one of them is a married woman; that the complainant paid over the purchase money to A. Bird in his life time, who expressed himself well satisfied with the terms of the sale, and he further states that said Abram by the receipt of said money confirmed in equity the said sale to said Rectors made as above stated by the complainant, and that though he should pay over the said sum of money to said Ashley, he would have no means of obtaining the equitable title of said land divested of the rights of said Stephen and of the owners of the lots in said town; that no person has hitherto had recourse upon said Elias or his estate on account of the want of a legal title to said land; that the complainant believes no person has any wish to do so; that the present claimants of the different subdivisions of said land, wish the legal title to be made to them in all instances, as the complainant believes. That a patent has been obtained for said land; that if E. Rector's representatives should not obtain the title to said land, the holders of the town lots can have no remedy against the insolvent estates either of Elias or Stephen Rector.

The bill prays that the executors of Elias Rector may be enjoined from collecting the purchase money on the judgment above mentioned, and that a specific performance of said contract may be decreed.

To this bill the defendants demurred, for want of equity. The Circuit Court over- (109) ruled the demurrer and decreed that the executors should be perpetually enjoined from collecting the money aforesaid.

The complainant controverts two objections taken by the defendants; First. That proper parties had not been made to the bill. Second. That there was no equity; and says, "first he takes the position that proper parties have been made, they are the same in the suit at law; and that it was not necessary to make the present owners of the different subdivisions of the land parties; 1 *Johnson Chan. Rep.* 349, 438; 2 *Johnson C. R.* 197, sustains the position that the general rule requiring all persons interested to be made parties to the suit, is confined to parties involved in the issue, and who must necessarily be involved in the decree, and that it is a rule of convenience merely, and may be dispensed with, when it becomes extremely difficult or inconvenient." Had any of the persons claiming this land under E. Rector been made parties to this bill, it might have been material to examine the authorities here cited. But as none of them are either complainants or defendants, the authority of those cases is conceived to be of no avail.

Thompson Bird, the complainant, comes and asks an injunction, because, he says, A. Bird in his life time, by receiving the purchase money, confirmed the sale in equity. That the claimants under E. and S. Rector would not be able to have the sums they have respectively paid, refunded out of the insolvent estates of E. and S. Rector, and a

though he should pay the amount of the judgment, he would have no means of ob-taining the equitable title of said land, divested of the rights of said Stephen, and of the owners of the town lots.

Now although this solicitude to secure the claimants under Rector is very laudable, yet it seems from his own view, useless and out of place. If S. Rector and the owners of the town lots, whose rights he cannot divest, have such equitable claims as he contends, then they can, whenever they wish, proceed to establish that claim and the payment (by him) of the amount of this judgment will be no injury to them. If those purchasers were complainants, praying that Rector's representatives might be compelled to take the land for the reasons assigned by this complaint, it might be necessary for this Court to decide whether this sale by T. Bird to E. Rector were good in equity, and whether his representatives should be compelled to take the legal title. Again, had the heirs of A. Bird come in and offered to make a good title, it would have been material for this Court to have decided how far Rector's representa-(110) tives were bound to accept it. But inasmuch as neither the purchasers under Rector, nor the heirs of A. Bird are complainants; and moreover, as it does not appear to the Court that a good title will be made to Rector's representatives, the complainant must be left to his remedy against the administrators of A. Bird, to whom he paid over the purchase money.

The judgment of the Circuit Court is reversed.